UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CONTRACTOR'S EQUIPMENT SUPPLY CO., an Idaho corporation, d/b/a/ CESCO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PRIZM GROUP & CONSTRUCTION, LLC, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 1:10-CV-045-BLW<br><br>**ORDER** |

## INTRODUCTION

The Court has before it Multibank's Motion for Summary Judgment (dkt. 50). The Court heard oral argument on the motion on November 30, 2011 and now issues the following decision.

## BACKGROUND

On March 6, 2007, T-O Engineering entered into a written agreement to provide professional engineering services for certain real property located in Valley County, Idaho. *Russell Aff.*, ¶ 2, Ex. 1, Dkt. 56-1. T-O began providing professional engineering services for the property on March 7, 2007. *Russell Aff.*, ¶ 3, Dkt. 56-1. On July 2, 2007, Multibank's predecessor in interest to the property, Silver State Bank, recorded a deed of

**MEMORANDUM DECISION AND ORDER - 1**

trust upon the property.  *Landers Aff.*, Ex. A, Dkt. 54.  Silver State Bank also obtained and recorded an assignment of engineering contracts between the developer ant T-O on July 2, 2007.  *Wishney Aff.*, Ex. 1, Dkt. 56-2.  No physical improvements were done to the property before July 2, 2007.

## LEGAL STANDARD

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Id.* at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings.  *Id.*  Direct testimony of the non-movant must be believed, however implausible.  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence.  *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000). This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256-57 (1986).

## ANALYSIS

Multibank asks for summary judgment declaring that its Deed of Trust is superior to mechanics liens recorded by Contractor's Equipment Supply Co., Prizm Group & Construction LLC, and Counterclaimants T-O and O-K Gravel Works, LLC. Only T-O filed an opposition to the motion.

**1.    Multibank's Motion for Summary Judgment Against T-O**

Two Idaho statutes are at play here. First, Idaho Code § 45-501 states in relevant part that every professional engineer who renders professional service for which he is legally authorized to perform in connection with any land or building development, has a lien upon the land for the professional services provided. Second, Idaho Code § 45-506 states that liens provided for in chapter 45 of the Idaho Code "are preferred to any lien, mortgage or other encumbrance which may have attached subsequent to the time when the building, improvement or structure was commenced, work done, equipment, materials or fixtures were rented or leased, or materials or professional services were commenced

MEMORANDUM DECISION AND ORDER - 3

to be furnished. . . ." I.C. § 45-506.

Multibank interprets these statutes to state that a construction lender's deed of trust has priority over any mechanics lien, including that of a professional engineer, unless the mechanics lienor performed some visible work on the property before the lender recorded its deed of trust. Multibank therefore contends that its deed of trust is superior to T-O's lien because the deed of trust was filed before work on the property commenced.

Recently, an Idaho district court noted that there is no Idaho appellate authority directly addressing the priority date of an engineer's lien for purposes of applying I.C. § 45-506. *See Hap Taylor & Sons v. L222-1 ID Summerwind*, attached as appendix 1 to *Multibank's Memo in Support of Motion for Summary Judgment*, Dkt. 51-1. In that case, the district court judge determined that the key question regarding the priority of a mechanics lien filed by an architect is whether visible construction commenced before the lender filed its deed of trust. *Id*. at pg. 12. The court reached its conclusion by relying on a 1970 California case, *Walker v. Lytton Savings*, 465 P.2d 497 (Cal. 1970), interpreting a similar California statute.

However, the state district court's reliance on *Walker* appears misplaced. Although similar in some respects, the California statute addressed in *Walker* does not contain some important language found in I.C. § 45-506. Both statutes state that mechanics liens are preferred to any mortgage which may have attached after the

**MEMORANDUM DECISION AND ORDER - 4**

building, improvement or structure was commenced.[1] However, the Idaho statute adds the additional language that a mechanics lien is also preferred over any mortgage which attached after "materials or professional services were commenced to be furnished." I.C. § 45-506.

The Idaho district court also relied on the Idaho Supreme Court's decision in *Ultrawall, Inc. v. Washington Mutual Bank*, 25 P.3d 855 (Idaho 2001). But the court recognized that *Ultrawall* did not address a lien by an engineer (or any professional for that matter). Moreover, the court reasoned that the Idaho Supreme Court's decision in *Ultrawall* was consistent with the California Supreme Court's decision in *Walker*. However, as discussed above, the California decision did not address the "professional services were commenced to be furnished" language which is particularly relevant here. Accordingly, this Court does not find the Idaho district's court's opinion persuasive or helpful.

*Ultrawall* is helpful however. In that case, the Idaho Supreme Court stated that in order for a particular claimant's lien to attach, the claimant must fit into one of three categories: (1) the claimant must have commenced to furnish professional services such as engineering or surveying; (2) the claimant must have commenced the physical construction of building, improvement or structure; or (3) if the claimant was not

---

[1] *See Walker v. Lytton Sav. & Loan Assn.*, 465 P.2d 497, n.4 (Cal 1970) for the text of California's statute at the time *Walker* was decided. Although the statute may be different today, at the time *Walker* was decided it did not contain the additional language found in I.C. § 45-506 today.

**MEMORANDUM DECISION AND ORDER - 5**

involved with either of the first two activities, it must have begun to work or furnish materials. *Ultrawall,* 25 P.3d at 859. The first category applies in this case.[2] Thus, the question before this Court is whether T-O "commenced to furnish professional services" before the deed of trust was filed.

To answer that question, the Court must first determine what is meant by "commenced to furnish professional services." It does not mean the commencement of the physical construction of the building, improvement or structure. Otherwise, the Idaho Supreme Court would not have created separate categories for these two events in the *Ultrawall* decision. In fact, the *Ultrawall* decision would have been meaningless unless the Idaho Supreme Court assumed there was a difference in the two.

The question before the court in *Ultrawall* was whether the lien claim of a drywall contractor attached when he commenced his work, which was after the deed of trust was filed, or whether it attached when another lien holder provided the earliest known work on the project. The Idaho Supreme Court accepted the fact that the earliest know work on the project was done by an engineer who provided design services for the project before the deed of trust was filed. Accordingly, although not the specific question before the Idaho Supreme Court in *Ultrawall*, this Court has no doubt that the Idaho Supreme Court

---

[2] Another Idaho district court agreed with this Court's interpretation of the statute and applied it in the case of an architect. *See In Re: Tamarack Resort Foreclosure And Related Proceedings*, Case No. CV-08-114C, Jun 15, 2010, Unreported. Although, not as extensive as the discussion in the *Hap Taylor* case, the court's decision in *Tamarack* correctly analyzed the question as one of statutory construction. The judge in *Tamarack* concluded, as this Court does, that the statute unambiguously provides that the priority date of a lien for professional services is the date on which the lien claimant "commenced to furnish" those services.

recognized that an engineer "commenced to furnish professional services" when he began the design services for the project before physical construction began.[3]

Here, there is no specific evidence that T-O provided design services, but there is evidence that T-O provided some professional services before the deed of trust was filed. The Affidavit of William Russell, an engineer and President of T-O, states that T-O began providing professional services for the project on March 7, 2007, nearly four months before Multibank filed its deed of trust on July 2, 2007.  Idaho Code § 45-501 states that every professional engineer who prepares or furnishes designs, plans, specifications, drawings, estimates of cost, on-site observation or supervision, or who renders "*any other professional service whatsoever* for which he is legally authorized to perform in connection with any land or building development or improvement. . ." has a lien upon the same for the professional services.  I.C. § 45-506 (emphasis added).  The Court finds that the Idaho Supreme Court would interpret I.C. § 45-506 to mean that an engineer who provided any professional services in connection with the property before the deed of trust was filed would have a superior lien on the property.  The Affidavit of William Russell creates at least a genuine issue of material fact on that question.  Accordingly, the Court will deny the motion for summary judgment as to T-O.

---

[3] Counsel for Multibank suggests that this interpretation of the statute provides the professional with a "super-priority" which is inconsistent with the priorities suggested in Idaho Code § 45-512.   While that may be true in certain factual settings, it will not be true in others. More importantly, if the Idaho legislature has created some inconsistency in the structure and effect of its lien statute, that is a problem which needs to be addressed legislatively and not by a judicial re-writing of the statute.

**MEMORANDUM DECISION AND ORDER - 7**

**2.     Multibank's Motion for Summary Judgment Against All Other Parties**

Only T-O filed an opposition to Multibank's motion for summary judgment. In its motion, Multibank sufficiently outlines why it has priority over the lien interests of the other parties. Multibank explains, through affidavits and otherwise, that it filed its deed of trust before the other parties established a lien on the property. Thus, Multibank has carried its burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). This shifts the burden to the non-moving parties to produce evidence sufficient to support a jury verdict in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). None of the other parties have come forward with any evidence. Accordingly, the Court will grant the motion with respect to all other parties except T-O.

## ORDER

**IT IS ORDERED:**

1.     Multibank's Motion for Summary Judgment (dkt. 50) is **GRANTED in part** and **DENIED in part**. It is denied with respect to T-O, and granted with respect to Contractor's Equipment Supply Co., Prizm Group & Construction LLC, and O-K Gravel Works, LLC.



DATED: **November 30, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge